

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2004 SEP 23 PM 12: 27

LORETTA G. WHYTE
CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN B. WELLS | **Case No. 04-2585** |
| Plaintiff, | SECTION "X" N |
| v. | **JUDGE ENGELHARDT** |
| HARRY S. HARDIN, III., Chair, Louisiana Judicial Campaign Oversight Committee, HUGH M. COLLINS, PH.D., Chief Executive Officer, Judiciary Commission of Louisiana, JAMES L. PATE, Chair, Louisiana Attorney Disciplinary Board, in their official capacities, | MAGISTRATE 5 |
| Defendants. | |

**UNDER SEAL UNTIL FURTHER ORDER**

### FIRST AMENDED COMPLAINT

Come now Plaintiff, by counsel and pursuant to Fed. R. Civ. Proc. 15 who hereby amends the Verified Complaint to name Defendant HARRY S. HARDIN, III in his official capacity only, to add Defendants HUGH M. COLLINS, PH.D., Chief Executive Officer, Judiciary Commission of Louisiana, JAMES L. PATE, Chair, Louisiana Attorney Disciplinary Board, to additionally challenge the constitutionality of the post-dismissal gag rule found in Rule IV of the Rules and Operating Procedures of the Louisiana Judicial Campaign Oversight Committee, and to otherwise reiterate their causes of action against Defendants and aver the following:

Plaintiff, JOHN B. WELLS, by counsel, alleges the following:

Fee_____
Process_____
X  Dktd_____
___ CtRmDep_____
___ Doc. No._____

# I. INTRODUCTION

1.      This is a civil rights action under 42 U.S.C. Section 1983 to protect the right of Plaintiff
        John B. Wells, an attorney running for judicial office, to freely speak and express his
        views on important legal and political issues of the day while he campaigns for a
        position as Judge of the City Court of Slidell.  This action challenges the validity, under
        the United States and Louisiana Constitutions, of Canon 7(B)(1)(d)(ii) of the Louisiana
        Code of Judicial Conduct ("the Commit Clause"), which purports to prohibit a judicial
        candidate from "mak[ing] statements that commit or appear to commit the candidate
        with respect to cases, controversies, or issues that are likely to come before the court."
        (A copy of the Commit Clause is attached to the complaint as **Exhibit A.**)

2.      This action also challenges the validity, under the United States and Louisiana
        Constitutions, of Rules IV and VIII of the Rules and Operating Procedures of the
        Louisiana Judicial Oversight Committee (the "Gag Rules"), which purport to prohibit a
        judicial candidate who has had a complaint filed against him from publicly disclosing
        the fact that such a complaint has been filed without any option to waive confidentiality
        even after such time as the complaint is dismissed.  (A copy of the Gag Rules is
        attached as **Exhibit B**.)

3.      Plaintiff desires to speak freely, without threat of punishment or discipline, during the
        remaining days of his campaign before the election scheduled for November 2, 2004.
        The Commit Clause and the Gag Rules, both on their face, and as applied by
        Defendants to Plaintiff, infringe on, and deprive Plaintiff of, his rights to free speech.

# II. JURISDICTION AND VENUE

4.      This action arises under the First and Fourteenth Amendments to the United States

Constitution and the *Civil Rights Act* (42 U.S.C. § 1983).

5.   This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1343, because this is a suit in equity authorized by law to redress the deprivation, under color of State law, statute, regulation, or custom and usage of the State of Louisiana of rights, privileges, and immunities secured by the laws and Constitution of the United States; particularly the First and Fourteenth Amendments to the Constitution of the United States.  This Court also has pendent jurisdiction over Plaintiffs' state claims arising under Article 1, § 7 of the Louisiana Constitution.

6.   Venue is proper in the Eastern District of Louisiana under 28 U.S.C. § 1391(b), because a substantial part of the actions or omissions giving rise to the case occurred in this Eastern District of Louisiana.

7.   This Court is authorized to grant declaratory relief requested under 28 U.S.C. § 2201 and Federal Rule of Procedure 57 for the purpose of deciding an actual controversy and declaring the rights and other legal relations of the interested parties, and the injunctive relief requested under 28 U.S.C. § 1343(3).

8.   This Court is authorized to grant Plaintiff's prayer of relief regarding costs, including a reasonable attorney fee, pursuant to 42 U.S.C. § 1988.

### III. IDENTIFICATION OF THE PARTIES

9.   Plaintiff JOHN B. WELLS ("Wells") is a Louisiana attorney who resides in St. Tammany Parish, Louisiana.  Plaintiff is a candidate for Judge of the City Court of Slidell, in the primary election scheduled for September 18, 2004.

10.  Defendant HARRY S. HARDIN III, is Chair of the Louisiana Judicial Campaign Oversight Committee ("Oversight Committee") and is sued in his official capacity. Upon information and belief, Defendant Hardin resides in Orleans Parish, Louisiana.

11.  Defendant *HUGH M. COLLINS, PH.D.*, is Chief Executive Officer of the Judiciary

Commission of Louisiana ("Judiciary Commission") and is sued in his official capacity. Upon information and belief, Defendant Collins resides in Orleans Parish.

12.    Defendant JAMES L. PATE is Chair of the Louisiana Attorney Disciplinary Board ("Disciplinary Board") and is sued in his official capacity. Upon information and belief, Defendant Pate resides in Orleans Parish, Louisiana.

## IV. STATEMENT OF FACTS

13.    Plaintiff Wells began practicing law in Louisiana in 1995 after retiring as a Commander (Surface Warfare Officer) following twenty-two years active duty in the United States Navy (1972-94).

14.    In addition to being a member of the bar of the Supreme Court of Louisiana, he is also a member of the United States Supreme Court, the Supreme Court of the Commonwealth of Pennsylvania, the United States Courts of Appeal for the Fifth and Federal Circuits and the District of Columbia, the United States Court of Federal Claims, the United States Court of Veteran Appeals, and many federal district courts in Louisiana, Texas, Mississippi, and Pennsylvania.

15.    In 2004, Plaintiff Wells decided to run for the position of judge of the Slidell City Court.

16.    In furtherance of his campaign for Slidell City Court Judge, Plaintiff Wells caused to be created an informational brochure (the "Brochure") to be mailed to voters in Wards 8 and 9 to educate and inform them about his values and viewpoints on certain important political and legal issues. (A copy of the Brochure is attached as **Exhibit C.**)

17.    Prior to finalizing the Brochure, Plaintiff Wells discussed the Brochure's contents with Nancy Rix of the Louisiana *Judicial Campaign Oversight* Committee ("Oversight Committee"). Ms. Rix made only one minor suggestion, which was

incorporated in the final version of the Brochure. (See **Exhibit D**).

18.     Among other provisions, the first paragraph of the Brochure states as follows:

> "Active in the World Wide Marriage Encounter, a ministry promoting traditional marriage, John Wells knows that strong marriages build strong families.  He is the only City Court Judge candidate to publicly declare his unwavering support for the Defense of Marriage amendment.  And he's proud to do it. Pro-life and pro-marriage, his values are our values."

19.     On the afternoon of Friday, September 10, 2004, Plaintiff Wells received a telephone call from staff attorney Tracy Buccino of the Louisiana Judicial Campaign Oversight Committee informing Plaintiff Wells that a complaint had been filed against him complaining that the "pro-life" and "pro-marriage" statements set forth in the Brochure violated Code of Judicial Conduct Canon 7B(1)(d)(ii) (the "Politically Motivated Complaint").  (A copy of the Politically Motivated Complaint is attached as **Exhibit E.)**

20.     The Oversight Committee immediately emailed to Plaintiff Wells a copy of the Politically Motivated Complaint filed against him by one Andra Henry ("Henry").

21.     Upon information and belief, Henry is a fervent supporter and cousin of d'Andrea McMooain Chatman, one of Plaintiff Wells opponents for Slidell City Court Judge. Also upon information and belief, Henry filed the complaint to harass Plaintiff Wells and to divert Plaintiff Wells energies from the campaign and deprive him of his free speech rights.

22.     The Politically Motivated Complaint filed by Henry with the Oversight Committee asserted, among other things, that Plaintiff Wells "will not be impartial or fair" because Plaintiff Wells support for the Defense of Marriage amendment "shows a strong bias against 'divorced parents and gay & lesbian parents.'"  The Politically Motivated Complaint filed by Henry also stated that "one could not expect a favorable decision" by Plaintiff Wells if he was elected Slidell City Court Judge in cases

involving minors seeking a judicial bypass around the Louisiana parental consent statute, and that "the candidate would be bias against unwed mothers & unwed minor parents" because of Plaintiff Wells' pro-life views.

23.     While Plaintiff Wells believes that it is important and essential that voters know his values, viewpoints and opinions on important political and legal issues, nothing in the Brochure stated or suggested that, if elected a judge, Plaintiff Wells would not decide any cases he heard impartially and without bias.

24.     The Oversight Committee's cover letter emailed to Plaintiff Wells on September 10, 2004 informed him that he had the right to respond to the Politically Motivated Complaint and also contained the following statement:

> Please note that this complaint, and your response, <u>are confidential</u> until such time as the Committee, by a vote of at least two-thirds of its members, has determined clear and convincing evidence exists that a violation has occurred. (emphasis added).

25.     In response to the Oversight Committee's letter, and despite the fact that Plaintiff Wells believed his free speech rights were being infringed upon by the existence of the Commit Clause and the Gag Rule, Plaintiff Wells called attorney Tracy Buccino of the Oversight Committee to request that he be allowed to waive confidentiality surrounding the fact that a complaint had been filed against him.  Plaintiff Wells made such a request because he desired to inform the voters that his "pro-marriage" and "pro-life" views and opinions had elicited the Politically Motivated Complaint by Henry. Plaintiff Wells believed that the values and viewpoints reflected in the Brochure and the response they invoked would be highly relevant to the voters of Slidell.

26.     Pursuant to Wells' immediate request to waive confidentiality, attorney Buccino of the Oversight Committee told Wells that she would read the Oversight Committee Rules and make some phone calls regarding his request to waive confidentiality.

Within a couple of hours, Attorney Buccino called Plaintiff Wells and told him that she had checked with some members of the Oversight Committee and that because neither the Commit Clause nor the Gag Rule provides for waiver of confidentiality of the fact of a complaint being filed, Plaintiff Wells could only discuss the fact that Henry had filed the Politically Motivated Complaint with members of his high-level campaign staff and his legal counsel.

27.     Since Friday afternoon, September 10, 2004, Plaintiff Wells has become concerned that any campaign speech he gives or any delivery of the Brochure to a voter may result in sanctions or other forms of discipline from the Oversight Committee, the Judiciary Commission and/or the Disciplinary Board and, that, ultimately, the Louisiana Supreme Court, based on an adverse decision of the Oversight Committee, could interpret the Commit Clause or the Gag Rule or both to justify imposing upon Plaintiff Wells fines, penalties, suspension, disbarment, or even removal from office should he be elected, for merely expressing that he is "pro-life" and "pro-marriage".

28.     Although Plaintiff Wells believes that he is completely within his constitutional rights to speak about his "pro-life" and "pro-marriage" convictions and to disclose to the voters that a politically motivated complaint was been filed against him because of the content of his speech, the communications from the Oversight Committee left Plaintiff uncertain about the what speech he can make during the remainder of the campaign.  Plaintiff Wells is concerned about further complaints to the Oversight Committee, the Judiciary Commission and/or the Disciplinary Committee, and the penalties or sanctions that may be imposed upon him for exercising his right to speak about crucial political and legal issues of our day and the campaign tactics of his opponents.

29.     The primary election for Judge of the Slidell City Court was held on Saturday, September 18, 2004.  Plaintiff placed second in a field of six candidates, putting him

in the November 2, 2004 run-off election.

30.    On Tuesday, September 21, 2004, counsel for the *Oversight Committee* informed
       Plaintiff's counsel that the politically motivated complaint filed against Wells had
       been dismissed.  Under Rule IV of the Oversight Committee's Rules and Operating
       Procedures, Plaintiff is restrained from speaking about the now dismissed complaint
       despite the fact that he desires to discuss the complaint and its dismissal with voters. (Ex. F)

31.    Should further complaints be filed against Plaintiff based on his campaign speech, the
       Oversight Committee has authorization under Rule VI of its Rules and Operating
       Procedures to issue a public statement that Canon 7 has been violated and such
       statement has the effect of being punitive in nature, especially given the impact on
       voter perception of Plaintiff's reputation and character.  Rule X also authorizes the
       Oversight Committee to seek an "informal resolution" including "procuring an
       agreement from the respondent candidate to withdraw an advertisement, to retract or
       clarify a campaign statement, or such other informal disposition as may be deemed
       appropriate."  Finally, under Rule XII the Oversight Committee has the right to refer
       matters to the Judiciary Commission.

32.    The Judiciary Commission, which exists under Article V, § 25 of the Louisiana
       Constitution of 1974, may recommend discipline to the Louisiana Supreme Court
       based on alleged violations of the Code of Judicial Conduct, including the challenged
       "Commit Clause" of Canon 7, both during the time that Plaintiff is a judicial
       candidate as well as recommending discipline after such time that Plaintiff may be
       sworn in as Judge of the Slidell City Court based on his campaign statements.

33.    The Louisiana Attorney Disciplinary Board is tasked by the Supreme Court of
       Louisiana with the responsibility oof investigating all allegations of lawyer
       *misconduct and with the responsibility of making recommendations to the Supreme*
       Court when the Board determines that discipline is warranted, and as such has

jurisdiction over Plaintiff who is an attorney licensed to practice law in Louisiana.

34.     Notwithstanding the outcome of the Slidell City Court Judge election, Plaintiff Wells will consider running for judicial office again in the future if he does not win, and will certainly run as an incumbent judicial candidate should he win the Slidell City Court Judge seat.

## V. ALLEGATIONS OF LAW

35.     Each and all of the acts herein alleged of the Defendants, their officers, agents, servants, employees, or persons acting at their behest or direction, were done and are continuing to be done under the color of state law, including the statutes, regulations, customs, policies, and usages of the State of Louisiana.

36.     Plaintiff Wells speech and expressive activities regarding "pro-life" and "pro-marriage" issues are fully protected by the First Amendment to the United States Constitution and Article 1, § 7 of the Louisiana Constitution of 1974.

37.     Plaintiff Wells' desired speech and expressive activities regarding the fact that a complaint has been filed against him (and later dismissed) for his "pro-life" and "pro-marriage" expressions are also fully protected by the First Amendment to the United States Constitution and Article 1, § 7 of the Louisiana Constitution of 1974. .

38.     The loss of First Amendment freedoms, even for a moment, constitutes irreparable harm sufficient to support issuance of injunctive relief.

39.     The loss of Louisiana Constitution Article 1, § 7 freedoms, even for a moment, constitutes irreparable harm sufficient to support issuance of injunctive relief.

## VI. CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION: VIOLATION OF THE FREE SPEECH CLAUSE OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION

40.     Plaintiff re-alleges and incorporates herein by reference all preceding paragraphs.

41.   Canon 7(B)(1)(d)(ii) of the Louisiana Code of Judicial Conduct that regulates judicial campaigns, on its face and as applied to Plaintiff Wells' expression of ideas, values, thoughts, viewpoints, and opinions, restricts more speech than is necessary to achieve any compelling or legitimate state interest.

42.   Canon 7(B)(1)(d)(ii) of the Louisiana Code of Judicial Conduct that regulates judicial campaigns, on its face and as applied to Plaintiff Wells' expression, is overbroad, chilling not only Plaintiff Wells' expression, but that of other judicial candidates within Louisiana.

43.   Canon 7(B)(1)(d)(ii) of the Louisiana Code of Judicial Conduct that regulates judicial campaigns, on its face and as applied to Plaintiff Wells expression, grants defendant unbridled discretion to investigate and penalize judicial candidates because of their speech.

44.   Rules IV and VIII of the Rules and Operating Procedures of the Louisiana Judicial Oversight Committee that regulate judicial campaigns, on their face and as applied to Plaintiff Wells' desired expression of the fact that a complaint was filed against him and then later dismissed restricts more speech than is necessary to achieve any legitimate interest.

45.   Rules IV and VIII of the Rules and Operating Procedures of the Louisiana Judicial Oversight Committee that regulate judicial campaigns, on its face and as applied to Plaintiff Wells' desired expression of the fact that a complaint was filed against him and then later dismissed is overbroad, chilling not only the Plaintiffs' expression, but that of other judicial candidates within Louisiana.

46.   Rules IV and VIII of the Rules and Operating Procedures of the Louisiana Judicial Oversight Committee that regulate judicial campaigns, grants Defendants unbridled discretion to penalize, sanction or publicly reprimand judicial candidates because of their speech.

47.     Defendant has no compelling government interest sufficient to justify the Canon and Rules challenged herein, nor to justify the application of those Canon and Rules to Plaintiff's speech.

48.     Defendants have therefore violated the First Amendment to the United States Constitution.

WHEREFORE, Plaintiff Wells respectfully prays that the Court grant the equitable and legal relief set forth in the prayer for relief.

## SECOND CAUSE OF ACTION: THE CANON AND RULES ARE VAGUE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

49.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs.

50.     Canon 7(B)(1)(d)(ii) of the Louisiana Code of Judicial Conduct and Rules IV and VIII of the Rules and Operating Procedures of the Louisiana Judicial Oversight Committee that regulate judicial candidates, on their face and as applied to Plaintiff Wells' speech, require persons of common intelligence to guess at the meaning, scope, and application of the Canon and Rules.

51.     Canon 7(B)(1)(d)(ii) of the Louisiana Code of Judicial Conduct and Rules IV and VIII of the Rules and Operating Procedures of the Louisiana Judicial Oversight Committee that regulate judicial candidates, on their face and as applied to Plaintiff Wells' speech, grant defendants unfettered discretion to penalize Plaintiff Wells' expression.

52.     Canon 7(B)(1)(d)(ii) of the Louisiana Code of Judicial Conduct and Rules IV and VIII of the Rules and Operating Procedures of the Louisiana Judicial Oversight Committee that regulate judicial candidates, on their face and as applied to Plaintiff Wells' speech, lacks unambiguous, objective standards to guide defendant in deciding what speech judicial candidates are allowed to make and what speech is prohibited.

53.     Canon 7(B)(1)(d)(ii) of the Louisiana Code of Judicial Conduct and Rules IV and VIII

of the Rules and Operating Procedures of the Louisiana Judicial Oversight Committee that regulate judicial candidates, on their face and as applied to Plaintiff Wells' speech, allows the defendant to enforce those Canon and Rule in an *ad hoc* and arbitrary manner.

54.     Defendant has no government interest sufficient to justify the Canon and Rule challenged herein, nor to justify the application of those laws to the Plaintiff Wells' speech.

55.     Defendant has therefore violated the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiff Wells respectfully prays that the Court grant the equitable and legal relief set forth in the prayer for relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Wells requests the following relief:

A.     That this Court enter a declaratory judgment stating that Canon 7(B)(1)(d)(ii) of the Louisiana Code of Judicial Conduct and Rules IV and VIII of the Rules and Operating Procedures of the Louisiana Judicial Oversight Committee are facially invalid under the First and Fourteenth Amendments to the United States Constitution.

B.     Alternatively, that this Court enter a declaratory judgment stating that Canon 7(B)(1)(d)(ii) of the Louisiana Code of Judicial Conduct and Rules IV and VIII of the Rules and Operating Procedures of the Louisiana Judicial Oversight Committee, as applied to Plaintiff Wells' campaign speech are unconstitutional under the First and Fourteenth Amendments to the United States Constitution.

C.     If the Court holds the challenged laws facially invalid, that the Court enjoin

Defendants from enforcing Canon 7(B)(1)(d)(ii) of the Louisiana Code of Judicial Conduct and Rules IV and VIII of the Rules and Operating Procedures of the Louisiana Judicial Oversight Committee.

       D.    If the Court holds the challenged laws invalid as applied to Plaintiff Wells, that the Court enjoin Defendants from enforcing Canon 7(B)(1)(d)(ii) of the Louisiana Code of Judicial Conduct and Rules IV and VIII of the Rules and Operating Procedures of the Louisiana Judicial Oversight Committee.

       F.    That this Court award Plaintiff Wells costs and expenses of this action, including a reasonable attorney's fee award, in accordance with 42 U.S.C. § 1988 and other applicable law;

       G.    That this Court adjudge, decree, and declare the rights and other legal relations of the parties to the subject matter here in controversy, in order that such declarations shall have the force and effect of final judgment;

       H.    That this Court grant such other and further relief as the Court deems equitable, just, and proper; and

       I.    That this Court retain jurisdiction of this matter for the purpose of enforcing the Court's order.

Respectfully submitted this 23rd day of September, 2004, by:

Dorinda C. Bordlee
Louisiana State Bar No. 20115
LAW OFFICES OF DORINDA C. BORDLEE
3312 Cleary Avenue
Metairie, LA 7002
Phone: (504) 454-8760
Facsimile: (504) 454-7175

J. Michael Johnson
Louisiana State Bar No. 26059
ALLIANCE DEFENSE FUND
Southeast Regional Service Center
401 Market Street, Ste. 900
Shreveport, LA 71101
Phone: (318) 459-2239
Facsimile: (318) 222-0458

## CERTIFICATE OF SERVICE

I hereby certify that on this the 23rd day of September, 2004, the foregoing document was served via first class mail, upon the following defendants and counsel of record for defendants:

Roy Mongrue
David Sanders
Sonia Mallet
State of Louisiana
Office of the Attorney General
Livingston Building
1885 N. Third St. 6th Floor
Baton Rouge, LA 70802
*Attorneys for Defendant Harry S. Hardin III*


Hugh M. Collins, Ph.D.
Chief Executive Officer
Judiciary Commission of Louisiana
400 Royal Street, Suite 1190
New Orleans, LA 70130-8101


James L. Pate
Chair, Louisiana Attorney Disciplinary Board
2800 Veterans Memorial Boulevard
Suite 310
Metairie, LA 70002

Dorinda C. Bordlee

## <u>VERIFICATION</u>

I, John B. Wells, a citizen of the United States and resident of the State of Louisiana, have read the foregoing First Amended Complaint and declare under penalty of perjury pursuant to the laws of Louisiana, that the foregoing is true and correct.

DATED THIS 23rd DAY OF SEPTEMBER, 2004.

_____
(Signature)

_____
(Printed Name)

# CODE OF JUDICIAL CONDUCT

. . . .

## CANON 7

**A Judge Or Judicial Candidate Shall Refrain From Inappropriate Political Activity**

A. Political Conduct in General.

(1) A judge or judicial candidate shall not:

(a) act as a leader or hold any office in a political organization;

(b) publicly endorse or publicly oppose another candidate for public office;

(c) make speeches on behalf of a political organization or a candidate for public office;

(d) except to the extent permitted by these Canons, solicit funds for, pay an assessment to, or make a contribution to a political organization or candidate or purchase tickets for political party dinners or other campaign functions.

**B. Campaign Conduct.**

**(1) A judge or judicial candidate:**

(a) shall maintain the dignity appropriate to judicial office and act in a manner consistent with the integrity and independence of the judiciary, and should encourage the members of the candidate's family to adhere to the same standards of political conduct in support of the candidate as apply to the candidate;

(b) shall prohibit employees and officials who serve at the pleasure of the candidate, and should discourage other employees and officials subject to the candidate's direction and control from doing on the candidate's behalf what the candidate is prohibited from doing under this Canon;

(c) except to the extent permitted by these Canons, shall not authorize or knowingly permit any person to do for the candidate what the candidate is prohibited from doing under this Canon;

**(d) shall not**

(i) make pledges or promises of conduct in office other than the faithful and impartial performance of the duties of the office;

**(ii) make statements that commit or appear to commit the candidate with respect to cases, controversies, or issues that are likely to come before the court;**

(iii) knowingly misrepresent the identity, qualifications, present position or other fact concerning the candidate or an opponent; or

(iv) while a proceeding is pending or impending in any court, make any public comment that might reasonably be expected to affect its outcome or impair its fairness. **[Amended effective April 15, 2002]**

(e) may respond to personal attacks or attacks on the candidate's record as long as the response does not violate Canon 7B(1)(d).

C. A Judge or a Judicial Candidate May:

(1) At any time

(a) attend political gatherings;

(b) identify himself or herself as a member of a political party;

(2) During his or her candidacy

(a) speak to gatherings on his or her own behalf;

(b) appear in newspaper, television or other media advertisements supporting his or her candidacy;

(c) distribute pamphlets or other promotional campaign literature supporting his or her candidacy;

(d) contribute to a political organization and/or be included on a political ticket or endorsement.

D. Campaign Committees

(1) A judge or judicial candidate shall not personally solicit or accept campaign contributions. A judge or judicial candidate may personally solicit publicly stated support.

(2) A candidate may also establish committees of responsible persons to conduct campaigns for the candidate through media advertisements, brochures, mailings, candidate forums and other means not prohibited by law. Such committees may solicit and accept campaign contributions, manage the expenditure of funds for the candidate's campaign and obtain public statements of support for his or her candidacy. However, no undue pressure or coercion may be applied in such solicitation.

(3) Such committees are not prohibited from soliciting or accepting campaign contributions or public support from lawyers. A candidate's committee may solicit contributions for the candidate's campaign no earlier than two years before the primary election. Contributions may be solicited after the last election in which the candidate participated only for the purpose of extinguishing the campaign debt resulting from that election. After the campaign debt is extinguished, post-election campaign contributions may not be solicited or accepted.

(4) A candidate shall not use or permit the use of campaign contributions except as provided by law.

E. Retention of Campaign Contributions. Not later than six months after any judicial election in which a judge or judicial candidate participates as a contestant, the judge or judicial candidate shall divest himself or herself of any unused campaign funds, in excess of the amount listed below, by pro rata refund to the campaign contributors or by donation to a charitable organization. The judge or judicial candidate may retain campaign funds in the following amounts proportionate to the population of the judge's or judicial candidate's election district:

Population of Election District Amount of Campaign Funds That May Be Retained

Below 25,000 $ 25,000

2

25,000-100,000 $ 50,000

100,001-200,000 $ 75,000

200,001-300,000 $100,000

300,001-400,000 $125,000

Over 400,000 $150,000

F. Other Political Activity. A judge shall not engage in any other political activity except on behalf of measures to improve the law, the legal system or the administration of justice, or as expressly authorized by law.

G. Applicability. Canon 7 generally applies to all incumbent judges and judicial candidates. A successful candidate, whether or not an incumbent, is subject to judicial discipline for his or her campaign conduct; an unsuccessful candidate who is a lawyer is subject to lawyer discipline for his or her campaign conduct. A lawyer who is a candidate for judicial office is subject to > Rule 8.2(a) and (b) of the Louisiana Rules of Professional Conduct.

H. Definition of Candidate. A candidate is a person seeking election or reelection to a judicial office. A person becomes a candidate for judicial office as soon as he or she makes a public announcement of candidacy, declares or files as a candidate with the election or appointment authority, or authorizes solicitation or acceptance of contributions or support, whichever occurs first. The term "candidate" has the same meaning when applied to a judge seeking election to judicial or non-judicial office.

I. Candidacy for Non-Judicial Office. A judge shall resign his or her office when the judge becomes a candidate either in a party primary or in a general election for a non-judicial office, except that a judge may continue to hold judicial office while being a candidate for election to or serving as a delegate in a state constitutional convention, if the judge is otherwise permitted by law to do so.

As amended through February 12, 2003

3

## ACKNOWLEDGMENT REGARDING
## CANON 7 OF THE LOUISIANA CODE OF JUDICIAL CONDUCT

Every candidate for judicial office must campaign in accordance with the precepts contained in the Louisiana Code of Judicial Conduct and, if elected, must carry out the duties of judicial office consistent with the United States and Louisiana Constitutions, the Louisiana Code of Judicial Conduct, the laws of the United States and Louisiana, in a manner which best serves the interests of the people of Louisiana.

I acknowledge that I have read and understand the Louisiana Code of Judicial Conduct, including Canon 7 (attached), and I understand that I am bound by the provisions of Canon 7 during my campaign for judicial office.

Louisiana Supreme Court Rule XXXV, Section 5 provides that "[c]omplaints [to the Oversight Committee] shall be confidential until such time as the Committee, by a vote of at least two-thirds of its members, has determined clear and convincing evidence exists that a violation has occurred, and the respondent candidate has been given notice of the complaint and an opportunity to respond."

_____        _____
Signature of Candidate for Judicial Office                          Date

_____
Please type or print name

_____
Judicial office for which you are a candidate

Campaign Office Address:                                Business Address:

_____        _____

_____        _____

_____        _____

Telephone number of campaign office:                   Telephone number of business:

_____        _____

Fax number of campaign office:                          Fax number of business:

_____        _____

E-mail address of campaign office:                      E-mail address of business:

_____        _____

Please return signed acknowledgment to:
Louisiana Judicial Campaign Oversight Committee
1555 Poydras Street, Suite 1540
New Orleans, LA 70112-3701

## RULES AND OPERATING PROCEDURES

Louisiana Judicial Campaign Oversight Committee

### I. Receipt of Complaints

The Office of the Judicial Administrator, Supreme Court of Louisiana, shall provide administrative support to the Judicial Campaign Oversight Committee. All complaints which are directed to the Judicial Campaign Oversight Committee concerning the campaign conduct of a candidate for judicial office should be forwarded to the following address:

Louisiana Judicial Campaign Oversight Committee

1555 Poydras Street

Suite 1540

New Orleans, LA 70112

All complaints directed to the Oversight Committee shall be in writing, should specify the misconduct or ethical violation(s) complained of and the canon(s) allegedly violated, and should be signed by the complainant. A complaint form has been prepared and is available for use by persons who wish to file complaints with the Oversight Committee.

When a complaint requires the Committee to review a videotape or a photograph, duplicate originals of the videotape or photograph shall be forwarded with the complaint. *(amended July 9, 2003)*

### II. Preliminary Dismissal of Complaints

If a complaint does not allege facts that would constitute a violation of the canons which fall within the scope of the Oversight Committee's jurisdiction, as outlined in La. S. Ct. Rule XXXV, Section 3, the complaint may be dismissed by the Chair, without further review or investigation by the Oversight Committee. In addition, the Chair is authorized to dismiss any complaint, without further review or investigation by the Oversight Committee, when, in the opinion of the Chair, the complaint is frivolous, repetitive or harassing in nature.

Given the time constraints for reviewing complaints which allege campaign conduct violations, it is of the utmost importance that complainants provide evidentiary support for the allegations made in the complaint. Complaints which lack sufficient evidentiary support to allow the Committee to adequately assess whether clear and convincing evidence exists of a violation of one of the canons which falls within the Committee's



oversight jurisdiction may be dismissed by the Chair, without further review by the Oversight Committee. *(amended July 9, 2003)*

III. Complaints Which Fall Within Oversight Jurisdiction

If the complaint sets forth allegations of campaign misconduct which, if true, would fall within the Committee's oversight jurisdiction, and the complaint is not frivolous, repetitive or harassing in nature, staff shall promptly forward a copy of the complaint to Oversight Committee members by e-mail, facsimile, and/or United States mail. Following receipt of such a complaint, the Oversight Committee may seek from the complaining party such additional information as it deems necessary, within such time period as the Committee may designate, and may conduct such additional review and investigation as it deems necessary.

IV. Response from Respondent Candidate

If the complaint sets forth allegations of misconduct which, if true, would fall within the Committee's oversight jurisdiction, the complaint shall be forwarded to the respondent candidate by e-mail, facsimile, and/or United States certified mail, return receipt requested. The complaint shall be forwarded to the respondent candidate at the candidate's campaign headquarters and/or at the candidate's business address. If the complaint is received by the Committee at least two weeks prior to the primary or general election at issue, the respondent candidate shall be invited to file a response within three days, exclusive of Saturdays, Sundays, and legal holidays. If the complaint falls within the two week period preceding the primary or general election at issue, the Committee may ask for an expedited response from the candidate, which response time shall be set forth in the transmittal notifying the candidate of the complaint.

Following receipt of a response from the candidate, or the expiration of the time period for responding, whichever occurs first, the Committee shall then determine whether or not a public statement should be issued. Complaints which are received within the last two weeks before the primary or general election at issue shall be reviewed and voted upon in as expeditious a fashion as the exigencies of the situation require. An affirmative vote of at least ten members of the Committee shall be required before a public statement may be issued.

**If the Oversight Committee decides not to issue a public statement, the Oversight Committee shall dismiss the complaint and so advise the complainant. This notification shall also advise the complainant that his/her complaint, and the Committee's notification of dismissal, is confidential.**

V. Conduct Which is Not the Subject of a Formal, Signed Complaint

The Oversight Committee may review campaign conduct which comes to its attention from any individual member of the Committee or from any other source, including anonymous complaints and news reports. An anonymous complaint may not be reviewed

or investigated unless it states facts, not mere conclusions, that can be independently verified. An affirmative vote of at least ten Committee members shall be required before the Committee may conduct additional review and investigation of conduct which is not the subject of a written complaint, or conduct which comes to its attention from an anonymous source.

If the Oversight Committee votes to conduct additional review and investigation of conduct which is not the subject of a formal, signed complaint, the respondent shall be so notified and the matter shall proceed in accordance with Section IV, above.

VI. <u>Form of Public Statements</u>

Public statements shall be issued by the Chair of the Oversight Committee, on behalf of the Committee. Any such public statement shall set forth the nature of the complaint and/or conduct which resulted in the issuance of a public statement, and the Committee's opinion as to the canon or canons which have been violated. In the event a public statement is issued, the complaint which precipitated the public statement shall become a matter of public record.

No Committee member or staffperson other than the Chair may make contact with the media, issue a public statement on behalf of the Committee, or respond to contacts with the media unless so authorized by the Committee.

The Chair may forward a public statement to any media outlet deemed appropriate. *(amended July 9, 2003)*

VII. <u>Meetings</u>

The Committee may schedule meetings at such times and places as it deems convenient and appropriate. Committee members may attend such meetings in person, or by telephone or video conference.

**VIII. <u>Confidentiality</u>**

**<u>Until such time as the Oversight Committee decides to issue a public statement, the complaint and response, if any, are confidential. After the issuance of a public statement, the complaint and response, if any, shall be matters of public record. Committee investigatory and deliberation materials shall remain confidential.</u>**

**<u>Notwithstanding the confidentiality provisions of La. S. Ct. Rule XXXV and these rules, any member of the Committee, or a designee authorized by the Committee, in response to a press or citizen inquiry regarding particular campaign conduct, may only explain the Court and Oversight Committee rules and procedures concerning campaign oversight, the scope of the Committee's oversight jurisdiction, the stated preference for informally resolving disputes involving campaign conduct, and the requirements which must be met before a public statement can be issued.</u>**

**Notwithstanding the confidentiality provisions of La. S. Ct. Rule XXXV and these rules, the Committee may disclose the status and/or disposition of a complaint or investigation if:**

**(1) Either the complainant or the respondent candidate, or any person or entity subject to the direction and control of the candidate or complainant, has stated publicly that a complaint has been or will be filed;**

**(2) The fact that a complaint has been filed, or will be filed, or that an investigation is ongoing, becomes generally known to the public; or**

**(3) When sources other than complainant or candidate cause notoriety concerning a complaint or investigation, and the Committee decides that the best interests of the complainant or candidate would be served if disclosure were made of the status and/or disposition of a complaint or investigation.**

IX. Recusal

Committee members shall recuse themselves in any campaign oversight matter in which recusal would be required of a judge by law or rule of the Supreme Court.

X. Nature of Proceedings

Judicial campaign oversight proceedings are informal and confidential, unless and until a public statement is issued.  The Committee shall make reasonable attempts to informally resolve disputes involving campaign conduct in lieu of issuing a public statement.  Such informal action and resolution may include, but is not limited to, procuring an agreement from the respondent candidate to withdraw an advertisement, to retract or clarify a campaign statement, or such other informal disposition as may be deemed appropriate.

When a respondent candidate expresses a willingness to consider an informal resolution, the Chair, with the approval of a majority of the Committee members, may negotiate and finalize an informal resolution to the complaint.  *(amended July 9, 2003)*

XI. Educational and Informational Outreach

The Oversight Committee may contact the Secretary of State before, during and after the qualifying period to ascertain the names and addresses of candidates for judicial office. The Oversight Committee may then mail instructional campaign materials (including Canon 7 of the Code of Judicial Conduct) to the candidates and advise them of upcoming educational seminars.

In furtherance of its educational role, the Committee and its members may offer informal, non-binding advice and consultation to judges and candidates concerning any Canon of the Code of Judicial Conduct, or concerning judicial campaign conduct in general, at educational seminars. At such educational seminars, Oversight Committee members and

staff should not provide advisory opinions in response to questions or inquiries about the propriety of particular campaign conduct if Committee members and staff know the question or inquiry concerns a matter which is, or may be, the subject of a formal complaint.

The Judicial Campaign Oversight Committee shall also serve as an informational resource for judicial candidates. In this role, Oversight Committee members and staff may offer informal, non-binding advice and consultation to judges and candidates concerning inquiries that do not require members and staff to provide individual advisory opinions concerning particular campaign conduct that is, or may be, the subject of a formal complaint.

Oversight Committee members and staff shall use reasonable diligence to desist from providing individual advisory opinions regarding the propriety of campaign conduct that is, or may be, the subject of a formal complaint. When Oversight Committee members and staff are verbally asked about the propriety of particular campaign conduct that is, or may be, the subject of a formal complaint, they may, without providing an individual advisory opinion directed to the propriety of the conduct, discuss generally the Canons that fall within the Committee's oversight jurisdiction, other Canons of the Code of Judicial Conduct, and advise the inquiring party of the opportunity to file a complaint with the Oversight Committee and/or with the Judiciary Commission.

In its role as a resource for judicial candidates, the Oversight Committee may review and provide informal advice and consultation concerning campaign advertisements and materials to be used by a judicial candidate, when asked to undertake such a review by the candidate who is considering using the campaign materials. The Chair shall designate a three-member subcommittee or subcommittees, consisting of one judge, one lawyer, and one citizen, to respond to requests to review campaign materials which are made by the candidate who is considering using the materials. Any informal advices which are offered by a three-person subcommittee are not binding on the *en banc* Committee, if the reviewed materials thereafter become the subject of a formal complaint. The subject matter of any such request for informal advice and consultation, and the subcommittee's response, is confidential.

XII. Referral to Judiciary Commission

The Judicial Campaign Oversight Committee has the right, as any citizen would, of referring matters to the Judiciary Commission. In keeping with the confidentiality restrictions which govern the activities and operations of the Judiciary Commission, the Judicial Campaign Oversight Committee shall not divulge any matters it refers to the Judiciary Commission. An affirmative vote of ten Oversight Committee members shall be required to refer a matter to the Judiciary Commission.

XIII. Campaign Conduct Acknowledgment

*In the event* the Oversight Committee creates, and the Court approves, the use of an Acknowledgment regarding Canon 7 of the Code, the Oversight Committee may ask judicial candidates to voluntarily sign such an Acknowledgment. Thereafter, the Oversight Committee may produce for public inspection a signed Acknowledgment when asked to do so. If the Committee is asked to produce an Acknowledgment that does not exist, or is not in its custody, the Oversight Committee shall respond by noting that no such signed Acknowledgment is in its custody.

## XIV. Vice-Chair

The Court may designate a lawyer or judge member to serve as Vice-Chair who shall act for the Chair when the Chair is absent or otherwise unable to perform his/her duties.

## XV. Closure of Files

When a matter before the Oversight Committee has been closed or otherwise terminated, each member of the Oversight Committee shall destroy his or her file on that matter.
*(enacted July 9, 2003)*



IT'S IMPORTANT WE ELECT JUDGES
WHO SHARE OUR VALUES.

John Wells is no stranger to standing up and fighting for conservative values. He's been doing it his whole life.  Active in the World Wide Marriage Encounter, a ministry promoting traditional marriage, John Wells knows that strong marriages build strong families.  He is the only City Court Judge candidate to publicly declare his unwavering support for the Defense of Marriage amendment.  And he's proud to do it. Pro-life and pro-marriage, his values are our values.

John Wells is a dedicated husband, father, and grandfather.  He's a retired United States Navy Commander, successful businessman, and respected attorney.  His exceptional qualifications and experience earned him the prestigious endorsement of the Alliance For Good Government.

As City Court Judge, John Wells will put the safety of our families and seniors first.  He will be tough on violent, hardened criminals.  Firm but fair, John Wells will ensure that the punishment fits the crime.

John Wells has a solid record of motivating young people and achieving real results.  He is firmly committed to a "tough love" program for first-time, nonviolent juvenile offenders that will give them an opportunity to turn their lives around.  He will require  school completion and attendance as a condition of probation and fight to establish a military-style boot camp that stresses strong discipline and motivation.

As a retired naval officer with six years in command and ten years at sea, John Wells has the proven leadership and management skills necessary to run an efficient court.  He is not beholden to any political group or to any law firm.  He will be an <u>independent judge who will decide cases fairly</u> — based on the law and not on friendships.

The qualities inherent in a great judge aren't taught in law school.  They come from lessons learned in life.  John Wells brings to the bench the military core values of honor, courage, and commitment.  His lifetime experiences make him uniquely qualified to be a great Judge of the City Court of Slidell.

John Wells is worth voting for on September 18th.



**MEMORANDUM**

| | |
|---|---|
| **To:** | **File** |
| **From:** | **John Wells** |
| **Date:** | **August 20, 2004** |
| **Client** | **John B. Wells** |
| **Matter:** | **Capaign** |
| **File number:** | **000000000000000000** |

On August 20, 2004 at 8:49 AM I received a telephone call from Nancy Rix (telephone number (504) 310-2598). We spoke. The call lasted 00:01:35

Returning my call. Read pamphlet to her. She thinks I'm ok but there could be a challenge. She thinks base dont he readong of the provision that I am ok. Perhaps want to change the sentence re: "This tells you waht kind of Judge he will be."



September 10, 2004

**Personal and Confidential**

**Via E-Mail and Certified Mail**
**Return Receipt Requested**

Mr. John Wells
317 Portsmouth Drive
Slidell, LA 70460

      Re:   <u>Complaint No. 04-C-04</u>

Dear Mr. Wells:

        Enclosed please find a complaint which alleges that you have violated Canon 7 of the Code of Judicial Conduct. Pursuant to Rule IV of the Judicial Campaign Oversight Committee Rules and Operating Procedures, you are invited to respond to this complaint. Should you wish to respond, please forward your response so that it is received by the Committee no later than 5:00 p.m. on Tuesday, September 14th. Our FAX number is (504) 310-2587.



        Please note that this complaint, and your response, are confidential until such time as the Committee, by a vote of at least two-thirds of its members, has determined clear and convincing evidence exists that a violation has occurred.

        The Committee has also been charged with attempting to resolve complaints informally, in lieu of issuing a public statement. Informal resolution may include, but is not limited to, procuring an agreement from a candidate to withdraw an advertisement or to retract or clarify a campaign statement. See Rule X, Judicial Campaign Oversight Committee Rules and Operating Procedures. The Committee

Mr. John Wells
September 10, 2004
Page 2

welcomes your input and suggestions as to whether an informal resolution of this matter is possible.

Following receipt of your response, or after expiration of the time period for responding, the Committee will vote on whether a public statement shall issue. Should you have any further questions or concerns regarding this matter, please do not hesitate to contact Committee staffperson Tracy Buccino at (504) 310-2621. We look forward to hearing from you.

Sincerely,

*member of commission*

*Harry S. Hardin*

*John Wells v.*

Harry S. Hardin, III, Chair
Louisiana Judicial Campaign Oversight Committee

HSH/lmc
Enclosures

*email letter rec'd 9/10/2004 12:43 —*
*Tracy could not —*
*Tracy - 5th campaign staff could not waive*

L. A. J. C. O.

DOCKET NO. 04-C-04

# Office DEPOT
RECEIVED
SEP 1 0 2004
By

## What you need. What you need to know

## Fax Transmission
### PLEASE PRINT

TO: Judicial Campaign Oversight Committee

FROM: Andra Henry

FAX NUMBER: 504-310-2587

SENDER'S PHONE #: 985-649-0806   985-774-9268 cell

DATE: 9-9-04

# OF PAGES: 6

Customer's Notes: If necessary I can send The entire brochure to The mailing Address. Please call and let me know if that is necessary 985.774.9268

**Receiver:** If you have any difficulties with this transmission, please contact the sender at the phone number listed above.

### OFFICE DEPOT'S TERMS OF USE

SENDER AGREES NOT TO USE THIS FAX TO: (i) TRANSMIT MATERIAL WHOSE TRANSMISSION IS UNLAWFUL, HARASSING, LIBELOUS, ABUSIVE, THREATENING, HARMFUL, VULGAR, OBSCENE, PORNOGRAPHIC OR OTHERWISE OBJECTIONABLE; (ii) CREATE A FALSE IDENTITY, OR OTHERWISE ATTEMPT TO MISLEAD OTHERS AS TO THE IDENTITY OF THE SENDER OR THE ORIGIN OF THIS FAX; (iii) POST OR TRANSMIT ANY MATERIAL THAT MAY INFRINGE THE COPYRIGHT, TRADE SECRET, OR OTHER RIGHTS OF ANY THIRD PARTY; (iv) VIOLATE ANY FEDERAL, STATE OR LOCAL LAW IN THE LOCATION, OR (v) CONDUCT ACTIVITIES RELATED TO GAMBLING, SWEEPSTAKES, RAFFLES, LOTTERIES, CONTESTS, PONZI SCHEMES OR THE LIKE.

PLEASE NOTE THAT OFFICE DEPOT DOES NOT REVIEW THE CONTENTS OF ANY FAX SENT USING ITS SERVICES. FURTHER, BY SIGNING BELOW THE SENDER OF THIS FAX HEREBY AGREES TO INDEMNIFY OFFICE DEPOT TO THE FULLEST EXTENT OF THE LAW AND FOR ANY AND ALL CLAIMS, SUITS, OR DAMAGES ARISING OUT OR IN CONNECTION WITH THE REQUEST TO SEND, OR SENDING THIS FAX.

x Andra Henry
(CUSTOMER'S SIGNATURE)

## VISIT OFFICE DEPOT FOR YOUR:

- **Color Copies- Black & White Copies**
- **Digital and High Volume Copies**
- **Business Cards, Letterhead and Envelopes**
- **Custom Pre-Inked Stamps**
- **Customs Signs and Banners**
- **UPS Shipping Service**
- **Passport Photos**
- **Ad Specialties**

### Store Information

OFFICE DEPOT STORE #418
1583 GAUSE RD.
SLIDELL, LA 70458
PHONE: 985/781-2505
FAX: 985/781-2506

## Thank you for using Office Depot's Customer FAX Service

Complaint # **04-C-04**
(For Committee Use)

RECEIVED
SEP 1 0 2004
By

## COMPLAINT FORM
## JUDICIAL CAMPAIGN OVERSIGHT COMMITTEE

      Given the time constraints for reviewing complaints which allege campaign conduct violations, it is of the utmost importance that complainants provide evidentiary support for the allegations made in the complaint. Complaints which lack sufficient evidentiary support to allow the Committee to adequately assess whether clear and convincing evidence exists of a violation of one of the canons which falls within the Committee's oversight jurisdiction may be dismissed by the Chair, without further review by the Oversight Committee. (See, Section II, Rules and Operating Procedures, Louisiana Judicial Campaign Oversight Committee).

**PART A.   INFORMATION ABOUT YOU – PLEASE KEEP CURRENT**

1. Full Name: ~~Anonymous~~ Andra Henry
   Telephone: area code (985) 1049-0806   985-794-9268 (cell)

2. Home Address: N/A   1437 Devonshire
   City: Slidell   State: LA   Zip: 70461

3. Employer: N/A   Slidell Memorial Hospital
   Work Address: 1001 Gause Blvd
   City: Slidell   State: LA   Zip: 70458
   Telephone: area code (985) 643-2200 ext 7760

4. Name of person who can always reach you: N/A
   Address & Telephone:

**PART B.   INFORMATION ABOUT THE RESPONDENT CANDIDATE**

1. Name of candidate: John Wells

2. Judgeship race involved:
   _____ Supreme Court
   _____ Court of Appeal
   _____ District Court
   ✓ City or Parish Court (Slidell)
   _____ Municipal
   _____ Family Court
   _____ Traffic Court
   _____ Unknown

3. Date, time and place where alleged conduct occurred: 9-9-4, mailer recieved on this date.

## PART C.   EXPLANATION OF YOUR COMPLAINT

Please place a checkmark next to the Canon(s) that you believe the respondent judicial candidate has violated.

- The judge or judicial candidate acted as a leader or held any office in a political organization (Canon 7A(1)(a))

- The judge or judicial candidate publicly endorsed or publicly opposed another candidate for public office (Canon 7A(1)(b))

- The judge or judicial candidate made speeches on behalf of a political organization or a candidate for public office (Canon 7A(1)(c))

- The judge or judicial candidate solicited funds for, paid an assessment to, or made a contribution to another candidate (Canon 7A(1)(d))

- The judge or judicial candidate solicited funds for a political organization (Canon 7A(1)(d))

✓ The judge or judicial candidate made statements that commit the candidate with respect to cases, controversies, or issues that are likely to come before the court (Canon 7B(1)(d)(ii))

- The judge or judicial candidate knowingly misrepresented the identity, qualifications, present position or other fact concerning the candidate or an opponent (Canon 7B(1)(d)(iii))

- The judge or judicial candidate personally solicited or accepted campaign contributions in violation of Canon 7D(1) of the Louisiana Code of Judicial Conduct

- While a proceeding is pending or impending in any court, the judge or judicial candidate made a public comment that might reasonably be expected to affect the outcome of the proceeding or impair its fairness. (Canon 7B(1)(d)(iv))

- The judge or judicial candidate authorized or knowingly permitted any person to do for the candidate what the candidate is prohibited from doing concerning the Canons which fall within the Committee's oversight jurisdiction, as listed above (Canon 7B(1)(c))

Please explain in detail why you think the respondent judicial candidate violated the Canons you have checked off, above. Attach copies of any relevant documents that pertain to your complaint. Attach additional sheets of paper if you need more space for your explanation.

"publicly declare his unwavering support for the Defense of Marriage amendment"
- this court hears many cases concerning divorced parents and gay & lesbian parents. this statement shows a strong bias against these in various circumstances. This statement shows that this candidate will not be impartial or fair.

"pro-life."
- this candidate would not be impartial to a minor seeking a judicial by-pass which is guaranteed by the U.S. Supreme Court.   LSA 40:1299.35.5(B)(4)
- this shows that the candidate would be bias against unwed mothers & unwed minor parents.
- one could not expect a favorable decision
- This court has full juvenile jurisdiction

LSA 40:1299.35.5 (B)(1) provides jurisdiction on these issues

Please list all documents attached to the complaint: _John Wells mailer/_
_brochure_

---

## Confidentiality Statement

I hereby acknowledge that complaints are confidential until such time as the respondent candidate is given notice and an opportunity to respond, and the Committee has determined clear and convincing evidence exists that a violation has occurred. My signature below evidences my agreement to maintain the confidentiality of this complaint unless and until such time as a public statement is issued by the Committee.

9-9-4
Date of signing

_Andra Henry_
~~Anonymous~~
Complainant signature

_Andra Henry_
~~Anonymous~~
Complainant (printed name)

Return this form to:     Louisiana Judicial Campaign Oversight Committee
1555 Poydras Street, Suite 1540
New Orleans, LA 70112-3701

3



John Wells is no stranger to standing up and fighting for conservative values. He's been doing it his whole life. Active in the World Wide Marriage Encounter, a ministry promoting traditional marriage, John Wells knows that strong marriages build strong families. He is the only City Court Judge candidate to publicly declare his unwavering support for the Defense of Marriage amendment. And he's proud to do it. Pro-life and pro-marriage, his values are our values.

John Wells is a dedicated husband, father, and grandfather. He's a retired United States Navy Commander, successful businessman, and respected attorney. His exceptional qualifications and experience earned him the prestigious endorsement of the Alliance For Good Government.

As City Court Judge, John Wells will put the safety of our families and seniors first. He will be tough on violent, hardened criminals. Firm but fair, John Wells will ensure that the punishment fits the crime.

John Wells has a solid record of motivating young people and achieving real results. He is firmly committed to a "tough love" program for first-time, nonviolent juvenile offenders that will give them an opportunity to turn their lives around. He will require school completion and attendance as a condition of probation and fight to establish a military style boot camp that stresses strong discipline and motivation.

As a retired naval officer with six years in command and ten years at sea, John Wells has the proven leadership and management skills necessary to run an efficient court. He is not beholden to any political group or to any law firm. He will be an _independent_ judge who will decide cases fairly - based on the law and not on friendships.

The qualities inherent in a great judge aren't taught in law school. They come from lessons learned in life. John Wells brings to the bench the military core values of honor, courage, and commitment. His lifetime experiences make him uniquely qualified to be a great Judge of the City Court of Slidell.

John Wells is worth voting for on September 18th.



# Louisiana Judicial Campaign Oversight Committee

400 ROYAL STREET
SUITE 1180

## New Orleans, Louisiana
70130-8101

oversight-staff@lajao.org

TELEPHONE (504) 310-2621
FAX (504) 310-2587

September 20, 2004

**PERSONAL AND CONFIDENTIAL**

Ms. Audra Henry
1437 Devonshire
Slidell, LA 70461

      RE:   Complaint No. 04-C-04

Dear Ms. Henry:

      The Judicial Campaign Oversight Committee has reviewed your complaint against candidate John Wells. Based upon the showing made, the Committee has decided to dismiss the complaint. No public statement will issue.

      In accordance with Louisiana Supreme Court Rule XXXV, Section 5 and Sections IV, VIII and X of the Oversight Committee Rules and Operating Procedures, **your complaint, any response, and this disposition remain confidential.**

      Sincerely,

      *Harry S Hardin*

      Harry S. Hardin, III, Chair
      Louisiana Judicial Campaign Oversight Committee

HSH/tab
cc:   Mr. John Wells (Personal and Confidential)
JUDCAM\LETTERS\HARDIN\HENRY.WPD

