

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2004 OCT 27  PM 2:45

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN B. WELLS | CIVIL ACTION |
| VERSUS | |
| HARRY S. HARDIN, III, Chair, Louisiana Judicial Campaign Oversight Committee, HUGH M. COLLINS, PH.D., Chief Executive Officer, Judiciary Commission of Louisiana, JAMES L. PATE, Chair, Louisiana Attorney Disciplinary Board, in their official capacities | NO. 04-2585<br><br>SECTION "N" (5) |

## UNDER SEAL UNTIL FURTHER ORDER

## SUPPLEMENTAL ORDER GRANTING PRELIMINARY INJUNCTION

Upon this Court's thorough review of the Plaintiff's Supplemental Motion for Preliminary Injunction, pursuant to Fed.R.Civ.P. 65, and with full consideration of all matters brought before this Court regarding the motion, including oral argument by the opposing parties held before this Court by telephone on October 26, 2004, and further considering the threat of plaintiff's injury balanced against possible harm to the interests of defendant, the Court finds that, with good cause shown, (a) the relevant provisions of the Louisiana Supreme Court Rules (Part K) specifically relating to Judicial Campaign Oversight, as well as the "Rules and Operating Procedures" of the Louisiana

-1-



DATE OF ENTRY
OCT 27 2004

___ Fee_____
___ Process____
 X  Dktd_____
___ CtRmDep___
___ Doc. No.___

Judicial Campaign Oversight Committee (hereafter "Oversight Committee") governing "confidentiality" of the complaint by James Lamz dated October 19, 2004, and its subsequent dismissal, do not clearly apply to plaintiff's intention to speak as to the existence of those facts, and (b) that plaintiff's First Amendment rights would be irreparably injured if such relief were not granted on a preliminary basis.

Therefore, **IT IS ORDERED AND ADJUDGED** that Plaintiff's Supplemental Motion for a Preliminary Injunction is **GRANTED in part,** and **DENIED in part,** as provided herein:

   a.   That Defendant, Harry S. Hardin, III, in his official capacity as Chair of the Oversight Committee, and as the authorized representative of the Oversight Committee pursuant to Rule VI of the "Rules and Operating Procedures" of the Oversight Committee, shall take no action against Plaintiff John Wells as a result of his exercise of his right to speak about the fact that (1) a complaint was filed against him with the Oversight Committee by James Lamz signed on October 19, 2004; and (2) that such complaint was dismissed by the Oversight Committee by letter dated October 26, 2004.

   b.   That Defendant Harry S. Hardin, in his official capacity as Chair of the Oversight Committee, and as the authorized representative of the Oversight Committee pursuant to Rule 6 of the "Rules and Operating Procedures" of the Oversight Committee, shall take no action against Complainant James Lamz as a result of his exercise of his right to speak about the fact that (1) a complaint was filed by him with the Oversight Committee on October 19, 2004; and (2) that such complaint was dismissed by the Oversight Committee by letter dated October 26, 2004.

c. That this Supplemental Injunction Order applies only to the complaint filed against Plaintiff John Wells by James Lamz signed on October 19, 2004.

d. That this Supplemental Preliminary Injunction shall remain in effect until such time as the Court dissolves it or grants/denies Plaintiff's motion for premanent injunction or other requested remedial relief, reserving to all parties the right to seek dissolution of this Preliminary Injunction.

e. That the requirement of the giving of security be waived.

f. In all other respects, Plaintiff's Supplemental Motion for Preliminary Injunction is denied.

g. All pleadings, transcripts of the hearing, and other matters contained in the record herein shall remain under seal until further order of this Court.

**ORDER RENDERED ON** October 26, 2004.

Signed in New Orleans, Louisiana, this <u>27th</u> day of <u>October</u>, 2004.

_____
KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE